12-4198-cv
*MTA Bus Non-Union Employees, et al. v. Metropolitan Transportation Authority, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand thirteen.

PRESENT:  JOHN M. WALKER, Jr.,
          PIERRE N. LEVAL,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

*MTA BUS NON-UNION EMPLOYEES, ET AL.,*

    *Plaintiffs-Appellants,*

             -v.-                             12-4198-cv

MTA NEW YORK CITY TRANSIT,

    *Defendant,*

METROPOLITAN TRANSPORTATION AUTHORITY, MTA BUS COMPANY,

  *Defendants-Appellees.*[*]

_____

FOR APPELLANTS:    JOHN A. CIRANDO (Bradley E. Keem, Elizabeth deV. Moeller, *on the brief*) Dealy Silberstein & Braverman, LLP, Syracuse, NY.

FOR APPELLEES:    HELEN FROMM (Mary Fisher Bernet, Peter Sistrom, *on the brief*) Metropolitan Transportation Authority, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the United States District

Court for the Southern District of New York is **AFFIRMED**.

In this appeal from the United States District Court for the Southern

District of New York (Rakoff, *J.*), we conclude, first, that the court was within its

discretion to retain supplemental jurisdiction over Appellants' state law claims.

We also affirm the District Court's grant of judgment to the defendants on

Appellants' state law claims based on their Offer Letter and pension plan.

Appellants argue that when the MTA granted increases in contributions and

_____

[*]We direct the Clerk of the Court to amend the official caption as noted.

benefits to the workers covered by its collective bargaining agreement ("CBA") with the Transport Workers Union of America, Local 100 ("Local 100"), it was compelled by the terms of Article 16 of the Metropolitan Transportation Authority Defined Benefits Plan (the "Plan") to grant them corresponding increases in both contributions and benefits. Construing the Plan as denying any linkage between Appellants' benefits and benefits accorded under Local 100's CBA would leave the MTA free, almost at will, to wipe out the economic value to Appellants of their Plan. Simply by agreeing with Local 100 to an economically neutral increase in both contributions and benefits, the MTA could then impose on Appellants increased contributions, without corresponding increased benefits.

But that is not the case here. After the Impasse Award raised Local 100's contributions and benefits, the MTA did not increase Appellants' contributions without a corresponding increase to benefits. To the contrary, the MTA left Appellants' contributions and benefits unchanged, waiving its right to impose increased contributions. Therefore, even if Appellants are correct that the Plan prohibits the MTA from raising contributions in line with Local 100's CBA without a corresponding change to benefits, the Plan does not compel defendants to increase Appellants' benefits having foregone any increase to contributions.

We affirm the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk